UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Civil Action 11-3-HRW

SHARON SECKMAN,                                                                          PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

THE TALBOTS, INC.,
d/b/a TALBOTS,                                                                   DEFENDANT.

This matter is before the Court upon the Defendant The Talbots Inc's Motion for Summary Judgment [Docket No. 35].

On December 28, 2012 District Court Judge Jennifer B. Coffman entered a Memorandum Opinion and Order in which she made the following findings:

> Plaintiff "has not produced any direct evidence…of intentional age discrimination." [Docket No. 65 at 3-4]. Thus, Plaintiff must proceed under the indirect, burden shifting approach. (*Id.* at 4).
>
> Plaintiff "cannot make a *prima facie* showing of age discrimination based on her performance evaluations." (*Id.* at 4).
>
> Plaintiff made out a *prima facie* case for age discrimination in connection with her termination, but Talbots proffered legitimate, nondiscriminatory reasons supporting her termination. (*Id.* at 4) ("Talbots offers a number of legitimate nondiscriminatory reasons for Seckman's termination, including unsatisfactory performance and unprofessionalism, as described in the two warning letters issued by Talbots").
>
> Plaintiff has the burden to demonstrate that Talbots' reasons are pretextual. (*Id.* at 5, 7). There is no genuine dispute of material fact that Talbots' articulated reasons for Plaintiff's termination have a basis in fact because the reasons are undisputed
>
> Plaintiff cannot show that Talbots' explanation of her termination has no basis in fact because the disciplinary actions taken by Talbots prior to [her] dismissal are undisputed…. (*Id.*)

> To survive summary judgment, Plaintiff must demonstrate that Talbots' stated reasons were not the actual reasons for her termination. (*See id.* at 5 (reciting the three-prong test set forth in *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 531, 545 (6th Cir. 2008)).
>
> Specifically, Plaintiff must show that "a companywide age bias permeates each individual termination decision, such as the one related to Seckman." (*Id.* at 7).

Judge Coffman then directed the parties to file briefs addressing this significant, dispositive issue. On January 9, 2013, this case was reassigned to the undersigned for all further proceedings [Docket No. 66]. Pursuant to Judge Coffman's Order, the parties filed Supplemental briefs on January 14, 2013 and January 28, 2013 [Docket Nos. 69 and 71].

As Defendant point out, Plaintiff's Supplemental brief does not address the sole issue which Judge Coffman Ordered them to pursue. Indeed, the bulk of Plaintiff's brief is devoted to reiterating the arguments in her original opposition to Defendant's motion, i.e. arguments which were rejected by the Court. When the issue of pretext is broached, Plaintiff confines her argument to Defendant's changing rationale for its decision to terminate, rather than the corporate-wide age bias she urged in her original submission to the Court.

Without much in the way of explanation, Plaintiff submits two new affidavits from Anne Muckelroy and Vickie Greene, individuals who were employed by Defendant and suffered adverse employment actions. However, these new affidavits suffer from the same defects as the evidence Plaintiff previously submitted. For example, Ms. Muckelroy contends that she was terminated "for unfounded reasons," she "believe[s]" her age was a factor in her termination, and she is "convinced" that age was a factor in Plaintiff's termination. [Docket No. 69 Ex. 3 ¶¶ 12-14.). Similarly, Ms. Greene "felt that [Plaintiff] was removed from her job" because in her opinion, "management

2

including Diane Montgomery would find reasons to complain about her performance until they terminated her." [*Id.* Ex. 4 ¶¶ 6-7]. These unsupported statements are insufficient to defeat summary judgment. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment."). Moreover the a beliefs of these individuals as to Defendant's reasons for terminating Plaintiff's employment are not based upon personal knowledge or but are merely speculative.

Glaringly absent from Plaintiff's Supplemental brief, and, thus the record, is any evidence that reflects an ageist corporate state of mind. Instead, at most, there are off-hand, isolated and vague statements made by non-decision makers who did not establish corporate policy. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 356-57 (6th Cir. 1998) (distinguishing "an off-hand comment by a low-level supervisor" from the type of evidence that may reflect a corporate state-of-mind). Plaintiff's submissions do not "reflect a cumulative managerial attitude among the defendant employer's managers that has influenced the decision making process for a considerable time." *Id.* (finding that evidence of numerous facially discriminatory remarks made by several members of employer's senior management -including the vice president of the entire division at issue who "was in a position to shape the attitudes, policies, and decisions of the division's managers" -- were indicative of a "cumulative managerial attitude").

Instead, despite being given ample opportunity to do so, Plaintiff does not point to a single remark from any senior official at Talbots let alone one who "was in a position to shape the attitudes, policies and decisions" of the company. *See id.* Further, she has offered no proof of a "discriminatory atmosphere" at Talbots. *Id.*

3

As for Plaintiff's contention that Defendant's allegedly "shifting reasons" for her terminations preclude summary judgment, the Court is not persuaded. In making this argument, Plaintiff relies upon the statements in the Unemployment Benefits Decision and Talbots' position statement therein. First, this is inadmissible hearsay. Second, Defendant is not bound by the Referee's characterization of its "stated reasons." Further, Defendant's position statement expressly states that it reflects an "initial statement of position," and that its investigation is not complete.

In addition, the cases to which Plaintiff cites in support of her "shifting explanations" argument are inapposite. In each case, the reasons the employers offered for making the challenged decisions were explicitly *contradictory*. *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 591-592 (6th Cir. 2002) (employer changed its story multiple times in explaining whether plaintiff's performance played a factor in his discharge; there was no "contemporaneous evidence that any failures by [the employee] caused [the employer] concern" and employer "never raised any serious complaints about [employee's] performance until after it fired him"); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1167 (6th Cir. 1996) (employer "changed its factual position" -- it made no mention of plaintiff's purported poor work performance as to why plaintiff was not being hired to work as a full time employee, but later claimed that it did not hire plaintiff to work full time because of his poor performance). By contrast, in this case, the record establishes that Defendant's position has consistently been that Plaintiff was terminated based on her unsatisfactory performance and her unprofessionalism. By citing fragments of sentences and referring to inadmissable hearsay, Plaintiff is attempting to create an inconsistency where none exists.

As Judge Coffman specifically stated in her Memorandum Opinion, the burden is upon the Plaintiff to demonstrate that a company-wide age bias permeates each individual termination, such

as Seckman's. Plaintiff must establish these facts and "articulate [them], with precise citations to both the record and pertinent case law." [Docket No. 65 at p.7]. She has failed to so.

Accordingly, **IT IS HEREBY ORDERED** that

Defendant The Talbots Inc's Motion for Summary Judgment [Docket No. 35] be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 12th day of March, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge